IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,  ) | |
| ) | |
| Plaintiff,  ) | Case No. 07-cr-40037-001-JPG |
| ) | |
| vs.  ) | |
| ) | |
| RODNEY A. MESSIC,  ) | |
| ) | |
| Defendant.  ) | |

**MEMORANDUM AND ORDER**

This motion comes before the Court on the Government's Motion to Authorize Payment from an Inmate Trust Account (Doc. 324). Defendant Rodney Messic ("Messic" or "Defendant") has responded (Doc. 331). The Government seeks entry of an order authorizing the Bureau of Prisons ("BOP") to turnover certain funds from Defendant's inmate trust account. According to the Government, on December 17, 2021, the Government was informed that Defendant had a balance of $2,314.01 in his inmate trust account. Pursuant to 18 U.S.C. §§ 3613(a), 3664(k), and 3664(n), the Government seeks an ordering authorizing these funds.

An order of restitution is a lien in favor of the United States on all of the defendant's property interests. 18 U.S.C. § 3613(c). A court may require the defendant to make a restitution payment upon a "material change in the defendant's economic circumstances." 18 U.S.C. § 3664(k). The Government argues that these funds are non-exempt and should be applied towards Defendant's outstanding restitution of $29,787.46. Defendant responds by stating that this money is his mother's and that she mistakenly put $5,000 in the account when she intended to put $500 in his account. He has attached her letter which establishes her mistake.

The Court of Appeals for the Seventh Circuit has issued a decision regarding a somewhat similar situation. In *United States v. White*, defendant's family put $5,000 in his account, which the government sought to apply towards restitution. The Court stated the following:

> But an inmate who receives money from any source must apply it to restitution still owed, *see* 18 U.S.C. § 3664(n); the money from his family is not exempt, see 18 U.S.C. § 3613(a) (listing exemptions). Neither White's desire (or that of his family) that he use that money to pay off state fines instead of his restitution, nor his previous monthly payments toward restitution, negate the federal statute's mandate.

*United States v. White*, 745 F. App'x 646, 647–48 (7th Cir. 2018) (internal citations omitted). However, Defendant admits that $1,400.00 of the total money was defendant's third economic impact money and $914.01 was his mother's that was mistakenly placed in his account. Defendant notes his mother is 91 years of age and has dementia. Defendant attempted to act quickly after realizing the mistake and attempted to submit BP 199's on November 14, 2021 (sending money from inmate's account).

Therefore, the Court concludes that cause exists to grant the motion, and, therefore, it is hereby ORDERED that the Motion of United States of America to Authorize Payment from Inmate Trust Account GRANTED; and it is further ORDERED that the Bureau of Prisons is authorized to turnover to the Clerk of Court, and the Clerk of Court shall accept **IN THE AMOUNT OF $1,400** currently held in the trust account for the following inmate:

> Rodney A. Messic
> Reg. No. 07355-025
> FCI Pekin
> P.O. Box 5000
> Pekin, IL  61555

The Clerk shall apply these funds as payment towards the criminal monetary penalties owed by the defendant in this case.

Payments are to be made payable to the Clerk of the District Court, 750 Missouri Avenue, East St. Louis, Illinois 62201.  The Plaintiff is to provide a copy of this Order to the Garnishee.

**IT IS SO ORDERED.**
**DATED: April 6, 2022**

                                            <u>/s/ J. Phil Gilbert</u>
                                            **J. PHIL GILBERT**
                                            **UNITED STATES DISTRICT JUDGE**